SUB-TARGET GUN CO. v. HOLLIFIELD TARGET PRACTICE ROD CO. et al.

(Circuit Court, S. D. New York. January 20, 1910.)

PATENTS (§ 301*)—INFRINGEMENT—RIGHT TO INJUNCTION—ESTOPPEL.

Complainant's assignor having applied for a patent on a gun target device before complainant's patent was issued, complainant submitted to the War Department full detailed drawings of the invention, that it might advertise for open bids for the manufacture of a quantity of the devices; complainant hoping that it might itself obtain the contract therefor, and with knowledge that the government must advertise for open bids. The contract was obtained by defendant, and the patent granted. *Held*, that complainant was not entitled to a temporary injunction restraining defendant from manufacturing the device for the government under the contract on the theory that it would constitute an infringement of the patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 490; Dec. Dig. § 301.*]

In Equity. Suit by the Sub-Target Gun Company against the Hollifield Target Practice Rod Company and others. Application for temporary injunction to restrain the infringement of a patent. Denied.

On November 24, 1909, the War Department of the United States government let a contract to the defendant for the manufacture of 4,000 of the devices subsequently patented by the complainant's assignee. At the time the complainant's assignor had no patent, although he had applied for it. In the hopes of obtaining a contract for itself, the complainant had in October, 1909, submitted full detail drawings of its invention to the War Department for the very purpose that it should advertise for open bids upon specifications incorporating them. The complainant knew at the time that the government must advertise for open bids, because it had done work of the kind before, and had previously actually and successfully competed with the defendant before the War Department for a similar device. In this instance it was unsuccessful and the de-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant procured the contract. On December 7, 1909, the assignor of the complainant procured his patent, and by virtue of that patent now seeks a preliminary injunction.

Emery & Booth, for complainant.
Russel Wiggins, for defendants.

HAND, District Judge (after stating the facts as above). I see no ground whatever for a temporary injunction. The complainant, by sending to the government signed drawings to be used in the specific actions, directly invited the defendant to make bids upon the contract. It seems to me preposterous to say that now, having procured a subsequent patent, it should come into a court of equity and ask that the defendant be prevented from fulfilling that very contract, the execution of which the complainant alone made possible. It may be that every article which the defendant shall sell to the government is a violation of the complainant's monopoly. I decide nothing upon that score; but I do say it can rely alone on its legal rights, and that I will issue no injunction. I think it inequitable to enjoin the defendant when the complainant directly invited him into the competition, relying upon its own ability to secure the contract by underbidding him. The act of complainant in sending the drawings to the government of his unpatented article could have meant nothing, except a consent on its part to the use of those specifications by the successful bidder. Of course, in deciding this, I do not decide that, had the patent already issued when drawings were sent, the defendant could perform it. In that case the contract would have contemplated an act which the law forbade. Here the contract was quite legal when made, and, even if the defendant knew that the patent was being applied for, he must have understood that the patentee intended this contract to be open to the successful bidder.

So far as concerns the claim of unfair use, it was abandoned upon the argument.

Motion denied.